**Exh. A**

## Discussion

I. **Factual Allegations**

Petitioner John Arthur Harris, Jr. is presently on parole. Petitioner pleaded guilty in the Muskegon County Circuit Court to the felony of failing to pay child support, MICH. COMP. LAWS § 750.165(1). Petitioner filed a motion to withdraw the plea, which was denied. He sought reconsideration of the order denying his motion, which also was denied. On January 23, 2012, the court sentenced Petitioner to a prison term of one year and six months to ten years.

Appellate counsel was appointed for Petitioner, who eventually was permitted to withdraw. Petitioner was advised of the deadline for filing an application for leave to appeal and was provided the appeal forms, but Petitioner did not file a direct appeal. On June 19, 2013, Petitioner filed a motion for relief from judgment in the Muskegon County Circuit Court, which was denied on July 19, 2013. Petitioner sought leave to appeal to the Michigan Court of Appeals. The court denied leave to appeal on December 20, 2013. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On September 5, 2014, Petitioner filed a complaint for habeas corpus in the Montcalm County Circuit Court. The trial court denied habeas relief on September 10, 2014. Petitioner renewed his complaint for habeas relief in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied the complaint on March 3, 2015 and September 29, 2015, respectively.

Petitioner filed his federal habeas application on or about November 26, 2015.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on November 26, 2015, and it was received by the Court on November 30, 2015. Thus, it must have been handed to prison officials for mailing at some time between November 26 and 30, 2015. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

| | | |
|---|---|---|
| Approved, SCAO | Original - Court<br>1st copy - Corrections<br>2nd copy - Corrections (for return) | 3rd copy - Michigan State Police CJIC<br>4th copy - Defendant<br>5th copy - Prosecutor   PAGE  1 |

| STATE OF MICHIGAN<br>14TH JUDICIAL CIRCUIT<br>MUSKEGON COUNTY | JUDGMENT OF SENTENCE<br>COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>11-060322-FH-A |
|---|---|---|

ORI  MI-610015J       Court Address  990 TERRACE STREET  MUSKEGON, MI  49442       Court Telephone no. 231-724-6251

Police Report No. MCSD109839

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant name, address, and telephone no.<br>JOHN ARTHUR HARRIS JR<br>522 AMITY ST<br>MUSKEGON, MI  49442 |
|---|---|---|

| CTN/TCN | SID | DOB |
|---|---|---|
| 611100062401 | 1422274H | 6/17/68 |

| Prosecuting attorney's name | Bar no. | Defendant attorney's name | Bar no. |
|---|---|---|---|
| HILSON, DALE J., | 57726 | JOHNSON, FREDERICK D., JR. | 36283 |

The defendant was found guilty on 3/05/2014 of a probation violation.

1. The defendant was found guilty on ___7/26/11___ of the crime(s) stated below.
                                       Date

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1 | G | | | | CHILD SUPPORT FAIL TO PAY | 750.165 |
| | | X | | | HABITUAL OFFENDER 4TH CON | 769.12 |
| | G | | | | PROBATION VIOLATION | |

*For plea: insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill. For dismissal: insert "D" for dismissed by court or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).

_____
Defendant's driver's license number

☐ 3. HIV testing and sex offender registration is completed.
☐ 4. The defendant has been fingerprinted according to MCL 28.243.

**IT IS ORDERED:**
☒ 5. Probation is revoked.
6. Participating in a special alternative incarceration unit is  ☐ prohibited.   ☐ permitted.
7. The defendant is sentenced to custody of the Michigan Department of Corrections. This sentence shall be executed immediately.

| Count | SENTENCE DATE | MINIMUM | | | MAXIMUM | | | DATE SENTENCE BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | Days | | Mos. | Days | |
| 1 | 4/07/14 | | 18 | | | 10 | | 4/07/14 | | 297 | |

☐ 8. Sentence(s) to be served consecutively to (If this item is not checked, the sentence is concurrent.)
      ☐ each other.    ☐ case numbers _____

9. The defendant shall pay:
         $500.00 CIRCUIT COURT COSTS       $130.00 CRIME VICTIM RIGHTS       $68.00 STATE MINIMUM COSTS
         $104425.61 TOTAL                  $103588.01 RESTITUTION PAYABLES    $139.60 20% LATE FEE
                                           $104425.61 BALANCE

The due date for payment is  4/07/24 . Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

☐ 10. The concealed weapon board shall  ☐ suspend for ___ days  ☐ permanently revoke  the concealed weapon license, permit number _____ Issued by _____ County.

☐ 11. The defendant is subject to lifetime monitoring under MCL 750.520n.

*I HEREBY CERTIFY this to be a true and correct copy of the original on file with the MUSKEGON COUNTY CLERK. This Certified Copy VALID Only When SEAL and RED SIGNATURE Are Affixed.*

*Nancy A. Waters*
MUSKEGON COUNTY CLERK

SEE NEXT PAGE

CC 219b (3/12) JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS
                MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766, MCR 6.427

Exh. E

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the