## Discussion

### I. Factual Allegations

Petitioner John Arthur Harris, Jr. is presently on parole. Petitioner pleaded guilty in the Muskegon County Circuit Court to the felony of failing to pay child support, MICH. COMP. LAWS § 750.165(1). Petitioner filed a motion to withdraw the plea, which was denied. He sought reconsideration of the order denying his motion, which also was denied. On January 23, 2012, the court sentenced Petitioner to a prison term of one year and six months to ten years.

Appellate counsel was appointed for Petitioner, who eventually was permitted to withdraw. Petitioner was advised of the deadline for filing an application for leave to appeal and was provided the appeal forms, but Petitioner did not file a direct appeal. On June 19, 2013, Petitioner filed a motion for relief from judgment in the Muskegon County Circuit Court, which was denied on July 19, 2013. Petitioner sought leave to appeal to the Michigan Court of Appeals. The court denied leave to appeal on December 20, 2013. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On September 5, 2014, Petitioner filed a complaint for habeas corpus in the Montcalm County Circuit Court. The trial court denied habeas relief on September 10, 2014. Petitioner renewed his complaint for habeas relief in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied the complaint on March 3, 2015 and September 29, 2015, respectively.

Petitioner filed his federal habeas application on or about November 26, 2015.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on November 26, 2015, and it was received by the Court on November 30, 2015. Thus, it must have been handed to prison officials for mailing at some time between November 26 and 30, 2015. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

-2-


(exh. A)

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOHN ARTHUR HARRIS, JR.,

        Petitioner,                      Case No. 1:15-cv-1245

v.                                            Honorable Janet T. Neff

SHERMAN CAMPBELL,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction was entered on January 23, 2012. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final on July 23, 2012, when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner had one year from July 23, 2012, or until July 23, 2013, in which to file his federal habeas application. Petitioner filed on November 26, 2015. Obviously, he filed his application more than one year after the time for direct review expired. Thus, in the absence of tolling, his application is time-barred.

As I earlier discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an

- 4 -

Exh. A(1)