UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ARTHUR HARRIS, JR.,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.
_____/

Case No. 1:15-cv-1245

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 4) recommending that this Court deny the petition as barred under the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Objs., Dkt 6, as supplemented by Dkts 7, 8, 9, 10 & 12) and on Petitioner's Motion for Appointment of Counsel (Dkt 11). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motion as moot, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    First, Petitioner argues that the Magistrate Judge erred in concluding that his petition should be barred by the one-year statute of limitations (Objs., Dkt 6 at PageID.51; Dkt 7 at PageID.58). Petitioner asserts that "a continuing violation exist[s]" (Objs., Dkt 6 at PageID.51). He contends that

"[e]ach day under the jurisdiction of the MDOC the wrong is continuing as a result of [J]udge Hicks [sic] ruling & sentence causing a constitutional violation" (*id.* at PageID.52).

The continuing-violation exception to a statute of limitations most often applies to allegations of discrimination under Title VII. *See, e.g.*, *E.E.O.C. v. Penton Indus. Co.*, 851 F.2d 835, 838–39 (6th Cir. 1988). "Courts have been extremely reluctant to apply this doctrine outside of the context of Title VII." *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 n.3 (6th Cir. 1995). Petitioner does not allege discrimination, and Petitioner presents no argument for extending the continuing-violation exception to habeas proceedings. Furthermore, even if this Court were to extend the continuing-violation exception to Petitioner's habeas petition, his claim fails on the merits.

"[A] 'continuous violation' exists if: (1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided." *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009) (quoting *Kuhnle Bros., Inc. V. County of Geauga*, 103 F.3d 516, 521 (6th Cir. 1997) (citations omitted)). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Petitioner asserts that continual wrongful conduct persists today because the MDOC continues to enforce his conviction of failure to pay child support (Objs., Dkt 6 at PageID.52). But this argument is without merit. Petitioner's subsequent imprisonment is an "ill effect" from what he claims was the actual violation—prosecuting him on a "null and void" order (Objs., Dkt 6 at PageID.53). *See, e.g.*, *Hughley v. Gerbitz*, 798 F.2d 469 (6th Cir. 1986) (unpublished) (finding no continuing injury from

imprisonment). Petitioner has presented the Court with no reason to extend the continuous-violation exception to his case.

Second, Petitioner seeks to clarify his original sentencing date, arguing that the Magistrate Judge erred in concluding that it was January 23, 2012, instead of April 7, 2014 (Objs., Dkt 9 at PageID.69; Dkt 12). He argues that the latter sentencing date puts his habeas petition within the one-year limitations period (Objs., Dkt 9 at PageID.70). Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Petitioner admits in his habeas petition that he was sentenced on January 23, 2012 (Dkt 1 at PageID.1). Also, Petitioner's offered exhibit (Objs, Dkt 9-1 at PageID.72) only shows that his probation was revoked on April 7, 2014, not that he was sentenced for the crime of failure to pay child support on April 7, 2014 (*id.*). The Magistrate Judge did not error in concluding that the sentencing date was January 23, 2012.

Third, Petitioner claims that he is actually innocent of the crimes he was convicted of, so as to except him from the one-year statute of limitations (Objs., Dkt 7 at PageID.60; Dkt 10). Petitioner argues that "Judge Hicks [took] jurisdiction from Judge Pittman result[ing] in a miscarriage-of-justice [sic]" (Objs., Dkt 7 at PageID.60). Because Judge Pittman modified Petitioner's child support payments, Petitioner argues that the trial judge, Judge Hicks, did not have jurisdiction to hear Petitioner's prosecution based on non-payments occurring before the modification (*id.* at PageID.60-62). Petitioner cites MICH. COMP. LAWS § 552.455 for this argument.[1]

---

[1]MICH. COMP. LAWS § 552.455 states the following:

An order entered under section 2 may be modified by the court upon proper application to the court and due notice to the opposite party. If a judgment of divorce or of separate maintenance is entered by a court having personal jurisdiction over the parties, an order entered under this act is null and void upon the effective date of the judgment.

As the Magistrate Judge noted, a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception (R&R, Dkt 4 at PageID.48). To make this showing, Petitioner must present "new evidence" showing that "'it is more likely than not that no reasonable juror would have convicted [Petitioner] in the light of the new evidence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 329). Petitioner's only "new evidence" is two Income Withholding for Support forms (Objs., Dkt 10-1 at PageID.80; Dkt 10-1 at PageID.83), which Petitioner argues shows actual innocence because "[t]he Friend of the court recognized the wrong and without a hearing rejected 14th circuit court judge Timothy G. Hicks [sic] withhold order finding it to be void and unenforceable, then amended the withholding order to 14th circuit court judge Gregory Pittman's orginal arrears order entered Jan[uary] 1, 2011 . . . " (Objs., Dkt 10 at PageID.75).

Petitioner's argument is without merit. First, the Income Withholding for Support Forms do not evince that Judge Hicks's sentence was "unenforceable." Second, Petitioner has not shown that this new evidence makes it "more likely than not that no reasonable juror would have convicted" him. Furthermore, Petitioner admits that no jury would be empaneled if his case were re-tried with the new evidence (Objs., Dkt 10 at PageID.76). And for the purposes of actual innocence, a petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Therefore, Petitioner's claim of actual innocence is without merit.

Because Petitioner's habeas petition is properly denied, his pending Motion for Appointment of Counsel (Dkt 11) is proper ly denied as moot.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 6, as supplemented by Dkts 7, 8, 9, 10 & 12) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 4) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (Dkt 11) is DENIED as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: October 17, 2016            /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge