UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ARTHUR HARRIS,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.

_____/

Case No. 1:15-cv-1245

HON. JANET T. NEFF

**ORDER**

       On October 17, 2016, this Court entered an Opinion and Order (Dkt 13) and Judgment (Dkt 14), denying Petitioner's habeas corpus petition under 28 U.S.C. § 2254 as time-barred. Currently pending before the Court is Petitioner's Motion to Alter Judgment pursuant to FED. R. CIV. P. 59(e) (Dkt 15, as supplemented by Dkts 16-18). Also pending is Petitioner's Motion to Appoint Counsel (Dkt 20). For the reasons discussed herein, Petitioner's motions are denied.

       Petitioner requests reconsideration pursuant to FED. R. CIV. P. 59(e) to "prevent a manifest injustice where the [C]ourt misapprehended the facts" (Dkt 15 at PageID.99). Petitioner asserts that the Court "failed to address the base of petitioner[']s habeas corpus claim" (*id.*). Petitioner also asserts that his claim meets the "merits of the continuing-violation exception" (*id.* at PageID.100).

       A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Such

motions allow for reconsideration; they do not permit parties to effectively "re-argue a case." *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)).  The decision whether to alter or amend a judgment is generally within the trial court's discretion. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001).

Petitioner's contention that the Court should address the merits of his underlying claim is without merit because the case was properly dismissed on procedural grounds pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).  Additionally, Petitioner's assertion that the continuing-violation exception applies is without merit. Regardless of Petitioner's argument for why the continuing-violation exception applies to the facts of his case, he has offered no argument for why the Court should extend the exception to habeas petitions.  "Courts have been extremely reluctant to apply this doctrine outside of the context of Title VII." *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 n.3 (6th Cir. 1995).  Even so, the Court is not persuaded by Petitioner's argument for why the exception would apply to his case for the reasons stated in the Court's previous Opinion and Order (Dkt 13 at PageID.93–94 (finding that Petitioner's subsequent imprisonment was an "ill effect," not a continuing violation)).  In sum, Petitioner has failed to show "a need to prevent manifest injustice."  Accordingly, there is no need for counsel to be appointed.

Therefore:

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter Judgment (Dkt 15) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Dkt 20) is DENIED as moot.


Dated: April  24, 2017         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge